TERRY COMPTON,                          )
                                        )    Davidson Chancery
            Plaintiff/Appellant,        )    No.  96-1782-II
                                        )
VS.                                     )    Appeal No.
                                        )    01A01-9710-CH-00539
DONAL CAMPBELL, COMMISSIONER,)
TENNESSEE DEPARTMENT OF                 )
CORRECTION,                             )
                                        )
            Defendant/Appellee.         )

**FILED**

**April 24, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE CAROL L. McCOY, CHANCELLOR

Terry Compton, #77594
N.W.C.C.
Route 1, Box 660
Tiptonville, TN 38079
PRO SE/PLAINTIFF/APPELLANT

Sohnia W. Hong, #17415
Assistant Attorney General
Second Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243-0488
ATTORNEY FOR DEFENDANT/APPELLEE

### MODIFIED, AFFIRMED AND REMANDED.


                            HENRY F. TODD
                            PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
BEN H. CANTRELL, JUDGE
WALTER W. BUSSART, JUDGE

| | |
|---|---|
| TERRY COMPTON, | ) |
| | ) Davidson Chancery |
| Plaintiff/Appellant, | ) No. 96-1782-II |
| | ) |
| VS. | ) Appeal No. |
| | ) 01A01-9710-CH-00539 |
| DONAL CAMPBELL, COMMISSIONER,) | |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTION, | ) |
| | ) |
| Defendant/Appellee. | ) |

# O P I N I O N

This is an action by a prisoner in the custody of the Department of Correction challenging disciplinary action resulting from his misconduct while in the status of minimum security. He was transferred to medium security. His complaint is essentially that the Department is not impartial in implementing its "policies" in regard to transferring prisoners from one "security status" to another.

The petitioner filed the usual petition for judicial review, and the Department moved to dismiss for failure to state a claim for which relief can be granted. The Trial Court sustained the motion, stating:

> Petitioner has filed a declaratory judgment action seeking review of his 36 month medium custody classification that he received in March of 1996, as a result of a disciplinary report.
>
> Petitioner alleges in his Complaint that he has been incarcerated since 1975. In September of 1994, Petitioner was assigned to the Nashville Community Service Center (NCSC) in a minimum custody level. In February of 1996, Petitioner received a Class "B" disciplinary report and was found guilty of such report in March of 1996. As a result of such finding, he was reclassified to a medium custody level pursuant to TDOC Policy 404.07§ VI(K)(1)(b) and transferred from NCSC to the Northwest Correctional Center. Petitioner has been informed by Respondent Tennessee Department of Correction (TDOC) that he will remain at medium custody level for 36 months. He asserts in his Complaint that, as long as he does not receive any additional disciplinaries, he should be reclassified to the minimum custody level at the expiration of 18 months pursuant to TDOC Policy Nos. 404.07§§ II&V, 401.05§ V, and 401.06 § V. He asserts that the TDOC's reliance on 404.07 §

VI(K)(1)(b) to extend his medium custody classification to 36 months is arbitrary and capricious, and a denial of his equal protection and due process rights. He further asserts that 401.06 § VI(K)(1)(b) is "inoperable" because it conflicts with other TDOC policies.

Respondent Donal Campbell has filed a Motion to Dismiss for failure to state a claim. For the reasons stated herein, this Motion will be granted.

First, while the UAPA does provide for declaratory judgment review over state agency rules pursuant to T.C.A. § 4-5-224, this does not include TDOC policies applicable to inmates only. T.C.A. § 4-5-102(10) defines a rule as follows:

> "Rule" means each agency statement of applicability that implements or prescribes law or policy or describes the procedure or practice requirements of an agency. "Rule" includes the amendment or repeal of a prior rule, but does not include:
>
>> (A) Statements concerning only the internal management of state government and not affecting private rights, privileges, or procedures available to the public...

Because TDOC prisoner policies do not affect rights and privileges available to the general public, they are not "rules" subject to a declaratory action under the UAPA. *Mandela v. Reynolds*, No. 01A01-9004-CH-00139 (Tenn. App. Dec. 5, 1990); *Na'im v. Reynolds*, No. 01A01-9003-CH-00114 (Tenn. App. June 6, 1990). Accordingly, this Court has no jurisdiction over the policy Petitioner is challenging. Petitioner's amendment to his Complaint to provide that all references to TDOC policy were "intended to be a reference to the State of Tennessee Regulation containing any similar number to that of the policy mentioned and from which the cited policy was developed" does not save Petitioner's Complaint because there are no such regulations.

Even if this Court had jurisdiction over TDOC policies, Petitioner has failed to state a claim. In order to prevail on his due process claim, Petitioner must assert that he has been deprived of a liberty interest entitled to due process protection. In *Sandlin v. Conner*, 115 S. Ct. 2293, 2300 132 L.Ed. 2d 418 (1995), the Supreme Court held that only those administrative actions which impose "a typical and significant hardship on the inmate in relation to the ordinary incidents of prison life" are subject to due process scrutiny. A reclassification to medium custody from minimum custody is not such a hardship and is therefore not subject to due process protection.

-3-

Petitioner's other claims regarding the additional 18 months medium security classification are also without merit. Petitioner alleges that he is entitled to an automatic reduction to a minimum custody level at the expiration of 18 months (absent further disciplinary actions) by virtue of 401.06 § V which requires that the CAF score be used to determine custody classification unless there is an "authorized override" of the CAF score. However, 404.07 § VI(K)(1)(b), which specifically deals with minimum custody classification and was adopted after the above referred 401.06 § V CAF score policy, states that a prisoner is not eligible for minimum custody classification for 36 months after a Class A or B disciplinary infraction. Petitioner's disciplinary action was a Class B infraction. Thus, Petitioner is not entitled to the CAF derived minimum custody level for at least 36 months.

For the reasons stated above, Respondents Motion to Dismiss will be granted. Litigation costs are taxed to Petitioner, and all other costs are waived.

TCA § 4-5-224(a) states that a reviewing court may enter a declaratory judgment if it is determined that a statute, rule, order or its application interferes with or threatens to impair legal rights.

TCA §§ 41-21-202 and 504 confer upon the Department the discretion to create and administer a prisoner classification system. *McCloud v. Bradley*, Tenn. App. 1986, 724 S.W.2d 362. TCA § 4-5-102(10), quoted by the Trial Judge above, states that a "rule" does not include

(A) statement concerning only the internal management of state government and not affecting private rights, privileges, or procedures available to the general public.

The "policies" of the Corrections Department are "statements concerning only the internal management of the Department" and do not affect private rights, privileges or procedures available to the general public.

The "Security Status" of prisoners incarcerated in an institution controlled by the Department of Correction is determined by the "policies" of the Department on a prisoner-by-prisoner basis. Each prisoner is an individual, and his "Security Status" is determined by a determination of the security risk represented by each individual prisoner. Members of the

general public are not subject to such individual evaluation.  Therefore, by statute, the policies controlling such evaluations of prisons are not rules subject to judicial review.

Such individual evaluation and disciplinary procedures do not involve a liberty interest of constitutional proportions.  *Sandin v. Conner*, 515 US 472, 115 S.Ct. 2293, 132 L.Ed 2d 418 (1995).

The judgment of the Trial Court is modified to require the petitioner to pay all Trial Court costs.  As modified, the judgment of the Trial Court is affirmed.  Costs of this appeal are taxed against the appellant.  The cause is remanded to the Trial Court for collection of costs accrued in that Court.

## MODIFIED, AFFIRMED AND REMANDED.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WALTER W. BUSSART, JUDGE